**Laura Sue Durrenberger SMITH, and Martha Durrenberger McKnight, Plaintiffs-Appellants,**

v.

**Gary BOOTH, District Director, I.R.S., and the United States of America, Defendants-Appellees.**

No. 86–1762
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 30, 1987.

R. Mark Dietz, Round Rock, Tex., for plaintiffs-appellants.

Michael L. Paup, Chief, Appellate Sec., Tax Div., Dept. of Justice, Roger M. Olsen, Asst. Atty. Gen., David English Carmach, Nancy G. Morgan, Washington, D.C., for defendants-appellees.

Before RUBIN, RANDALL and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Plaintiffs appeal the district court's entry of judgment adverse to their claims for declaratory and injunctive relief against the United States Internal Revenue Service. Finding that the district court was without jurisdiction to entertain the plaintiffs' claims, we reverse the judgment of the district court.

I.

The plaintiffs in the instant case are the executors of the estate of Camilla Durrenberger. At the time of her death, Ms. Durrenberger owned five parcels of property, one of which was located at her residence in Williamson County, Texas, the other four of which were located in Coleman County, Texas. While the Williamson County property was leased by Durrenberger in return for a percentage of the crop production, the Coleman County properties were leased in return for fixed cash payments.

The estate timely filed a federal estate tax form that reported an adjusted gross estate of $489,141.00 and elected, pursuant to section 6166 of the Internal Revenue Code of 1954, to pay in installments begin-

ning in five years the estate taxes allocable to the $376,500.00 worth of real estate described above. The Internal Revenue Service ("IRS") disallowed the estate's election to pay the taxes in installments pursuant to section 6166. In order for an estate to qualify for deferred payment under section 6166, over 65 percent of the value of the adjusted gross estate must be composed of a closely held business. The IRS determined that only the Williamson County property qualified as a closely held business. Since that property comprised only 30 percent of the adjusted gross estate, section 6166's deferred payment scheme was not available to the estate. The plaintiffs administratively appealed the IRS decision, but their appeal was denied. In September of 1984, the IRS filed a federal tax lien in Williamson County.

Later that month, the plaintiffs filed the instant suit in federal district court. The complaint alleged that, contrary to the IRS decision, section 6166 did provide the estate the right to defer its tax payments. The complaint requested the court to "declare [that] the decision of the District Director and Regional Commissioner of the IRS interpreting 26 USC Section 6166 is null and void," to further declare that the estate was entitled to deferral under section 6166, and to "enjoin and restrain Defendants and their employees, agents, or servants from levying, foreclosing or in any way affecting the estate of Camilla Durrenberger or Plaintiffs." *Smith v. Booth*, No. A–84–CA–577 (W.D.Tex. Sept. 26, 1984) (complaint).

In its answer, the IRS asserted, *inter alia*, that the district court did not possess subject-matter jurisdiction over the lawsuit. The government later abandoned this argument, positing in its proposed findings of fact and conclusions of law that the court did possess jurisdiction. After a brief trial, the district court agreed with the IRS's interpretation of the statutory language and its application of that language to the instant facts. The court accordingly entered judgment denying plaintiffs the relief sought. This appeal followed.

On appeal, the plaintiffs challenge the district court's interpretation of the relevant statutory language. The IRS responds that the doctrine of sovereign immunity bars plaintiffs' suit, and, in the alternative, that the district court correctly interpreted the statute. Because we agree with the IRS that the district court lacked subject-matter jurisdiction, we do not reach the merits of plaintiffs' appeal.

## II.

"It is settled law that the parties may not, by silence or agreement, confer upon the federal courts that jurisdiction which Congress has withheld." *Warren G. Kleban Eng'g Corp. v. Caldwell*, 490 F.2d 800, 803 n. 2 (5th Cir.1974). The government's position below that the district court did possess jurisdiction in no way releases us of our "continuing duty to inquire into the basis of jurisdiction in the district court and to satisfy [our]selves that the district court properly had jurisdiction to entertain an action." *Id.* at 802 n. 1; *see also United States v. Shaw*, 309 U.S. 495, 500–01, 60 S.Ct. 659, 661–62, 84 L.Ed. 888 (1940) ("[W]ithout specific statutory consent, no suit may be brought against the United States. No officer by his action can confer jurisdiction.") (footnotes omitted). We therefore examine the basis of the district court's jurisdiction.

■ "[T]he United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985); *see also United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). A court is without jurisdiction over a suit brought against the United States unless there exists specific statutory consent to such suit. *See Shaw*, 309 U.S. at 500–01, 60 S.Ct. at 661. A statutory consent to suit, "since it is a relinquishment of a sovereign immunity, must be strictly interpreted." *United States v. Sherwood*, 312 U.S. 584, 590, 61

S.Ct. 767, 771, 85 L.Ed. 1058 (1941); *see also Interfirst Bank Dallas, N.A. v. United States,* 769 F.2d 299, 306 (5th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1458, 89 L.Ed.2d 716 (1986).

▮ In the court below, the plaintiffs alleged, in essence, that the United States had consented to the instant lawsuit by conferring subject-matter jurisdiction over such suit in the district court under sections 1331 and 1346 of the Judicial Code. 28 U.S.C. §§ 1331, 1346. Section 1331's broad provision of federal question jurisdiction does not aid the plaintiffs, however, for that provision does not constitute a waiver of sovereign immunity. *See Garcia v. United States,* 666 F.2d 960, 966 (Former 5th Cir. Unit B), *cert. denied,* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982). Section 1346 equally is of no avail to the plaintiffs. That section provides federal district courts with jurisdiction to review an IRS determination only in the context of a tax refund suit brought by a taxpayer who has fully paid the assessment. *Flora v. United States,* 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). The estate in the instant case has not fulfilled the conditions required to invoke section 1346's waiver of sovereign immunity.

▮ A more likely source for governmental consent to the instant suit might be 5 U.S.C. section 702.[1] As we noted in *Sheehan v. Army & Air Force Exchange Serv.,* "[t]he 1976 amendment to that statute waives sovereign immunity for actions against federal government agencies, seeking nonmonetary relief, if the agency conduct is otherwise subject to judicial re-

view." 619 F.2d 1132, 1139 (5th Cir.1980), *rev'd on other grounds,* 456 U.S. 813, 102 S.Ct. 88, 70 L.Ed.2d 81 (1981). Upon closer examination, however, we find that section 702 does not aid the plaintiffs because the Anti-Injunction Act and the Declaratory Judgment Act bar judicial review of plaintiffs' claims.

Section 702 provides, *inter alia,* that "[n]othing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground." The legislative history of the 1976 amendment to the section specifically notes that the Anti-Injunction and the Declaratory Judgment Acts' prohibitions of "injunctive and declaratory relief against collection of federal taxes" remain unaffected by the revised section 702. H.R.Rep. No. 1656, 94th Cong., 2d Sess. 12, *reprinted in* 1976 U.S. Code Cong. & Admin. News 6121, 6132–33. By its own terms, the Declaratory Judgment Act does not apply to a controversy, like the instant one, "with respect to Federal taxes." 28 U.S.C. § 2201. The Anti-Injunction Act similarly provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C. § 7421(a). As the government points out, the Supreme Court has recognized an exception to the Anti-Injunction Act where (1) "it is clear that under no circumstances could the Government ultimately prevail, ... [and (2) ] equity jurisdiction otherwise exists." *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). Given the district court's deci-

---

1. This section provides as follows:

   A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other that [sic] money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a

   defendant in any such action, and a judgment or decree may be entered against the United States: *Provided,* That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

   5 U.S.C. § 702.

sion in the government's favor on the merits, it is evident that this exception would not apply in the instant case. Moreover, equitable jurisdiction does not exist here because it is well established that a taxpayer's right to sue for a refund under 26 U.S.C. § 7422 provides an adequate remedy at law. *See Zernial v. United States,* 714 F.2d 431, 434 (5th Cir.1983). We therefore conclude that 5 U.S.C. section 702 is unavailable to the plaintiffs, and the United States has not waived its sovereign immunity against the instant suit.

■ As the government notes, the Supreme Court has recognized two exceptions to the doctrine that sovereign immunity, absent specific statutory consent to suit, bars suit against the sovereign. Sovereign immunity does not bar suit (1) where the federal officers in question act beyond their statutory powers, or (2) where the statutory powers exercised, or the manner in which they are exercised, by the federal officers are unconstitutional. *Dugan v. Rank,* 372 U.S. 609, 621–22, 83 S.Ct. 999, 1006–07, 10 L.Ed.2d 15 (1963). Plaintiffs have not challenged the constitutionality of section 6166 of the Internal Revenue Code or its application in their case. Nor does the complaint allege, or the opinion of the district court find, any action by the IRS that could be characterized as *ultra vires.* An exception to the bar of sovereign immunity cannot be established on the facts before us.

### III.

Because the doctrine of sovereign immunity bars the plaintiffs' suit, the judgment of the district court is REVERSED as beyond its jurisdiction and this cause is REMANDED for dismissal without prejudice of plaintiffs' claims.