**Lee WARREN, and wife, Virginia Warren, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 88–6226
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 2, 1989.

Lee Warren and Virginia Warren, Arp, Tex., pro se.

Gary R. Allen, Chief, Appellate Section, Tax Div., Dept. of Justice, Charles Brookhart, James H. Love, Washington, D.C., Joseph A. Pitzinger, III, Dept. of Justice, Tax Div., Dallas, Tex., for defendant-appellee.

Before REAVLEY, JONES, and DUHE, Circuit Judges.

DUHE, Circuit Judge:

Plaintiffs-taxpayers Lee and Virginia Warren, husband and wife, filed this *pro se* action seeking declaratory judgment that their 1986 tax return is not frivolous under 26 U.S.C. § 6702, as it was found to be by the Internal Revenue Service. For the past twenty-five years they have obliterated the jurat[1] from their form 1040 tax return. They allege that their signing the jurat would be perjury, because they have no special knowledge of the tax code and their returns are prepared by professional accountants. They further allege that they have always paid their taxes and have always provided, to the best of their knowledge, the information required to accurately complete their tax returns. R. 23–25.

The government responded to the Warrens' complaint with a motion to dismiss for lack of jurisdiction or alternatively for failure to state a claim upon which relief may be granted. R. 13–15. The district court granted the government's motion, holding that the plaintiffs' complaint failed to state a claim under Fed.R.Civ.P. 12(b)(6). The court made no finding concerning the jurisdictional issue. R. 6–8. The Warrens filed a timely notice of appeal. R. 1–2.

Finding that the district court lacked jurisdiction, we reverse, vacate and remand with instructions to dismiss for lack of jurisdiction.

DISCUSSION:

Because the district court was without jurisdiction, this Court cannot reach the merits of the appeal.

Plaintiffs argue that the jurisdictional issue was waived, because the court below did not address the issue, and the government failed to file a cross-appeal raising the issue. However, subject-matter jurisdiction is not waivable, and the federal

---

1. The jurat states: "Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of pre- parer (other than taxpayer) is based on all information of which preparer has any knowledge." *See Mosher v. I.R.S.,* 775 F.2d 1292, 1293 (5th Cir.1985), *cert. denied,* 475 U.S. 1123, 106 S.Ct. 1645, 90 L.Ed.2d 189 (1986).

courts are under a continuing duty to inquire into the basis of jurisdiction in the district court. *Smith v. Booth*, 823 F.2d 94, 96 (5th Cir.1987).

■■■■ The government cannot be sued without its consent. *Id.* (quoting *U.S. v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983)). Consent must be specific and statutory, *Smith*, 823 F.2d at 96 (citing *U.S. v. Shaw*, 309 U.S. 495, 500–01, 60 S.Ct. 659, 661–62, 84 L.Ed. 888 (1940)), and must be strictly interpreted, *Smith*, 823 F.2d at 96 (quoting *U.S. v. Sherwood*, 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941)). Because there is no statutory provision permitting the instant lawsuit, it must be dismissed.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. § 2201 (emphasis added). Similarly, the Anti–Injunction Act provides that, with certain exceptions not relevant to this lawsuit, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." 26 U.S.C. § 7421(a). The reference in the Anti–Injunction Act to "tax" is deemed also to refer to certain penalties, including the penalty provided for frivolous returns under § 6702. *See* 26 U.S.C. § 6671(a).

These two provisions prohibit federal courts from entertaining proceedings for declaratory relief in cases involving federal taxes. *Smith*, 823 F.2d at 97; and *McCabe v. Alexander*, 526 F.2d 963, 965 (5th Cir. 1976) (holding that the federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti–Injunction Act).

The most likely statutory source for governmental consent in this case is 5 U.S.C. § 702 which provides for judicial review of wrongs alleged to have been committed by governmental agencies. This provision, however, has specifically been held not to confer jurisdiction on the district courts in federal tax cases. *Smith*, 823 F.2d at 97–98.

The Supreme Court has recognized an exception to the Anti–Injunction Act where it is clear that the government could not prevail under any circumstances and equitable jurisdiction otherwise exists. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); *see Smith*, 823 F.2d at 97. Given the district court's decision on the merits in the government's favor, it is evident that this exception does not apply. Equitable jurisdiction does exist because 26 U.S.C. § 6703(c) provides for federal court review of a penalty imposed on a taxpayer for filing a frivolous return. In order to invoke this equitable jurisdiction the taxpayer must, *inter alia*, sue for determination of his liability for the penalty after it has been at least partially paid. 26 U.S.C. § 6703(c)(2). Alternatively, a taxpayer may pay the entire penalty and sue for a refund under § 7422.

The complaint does not pray for a refund of the penalty. Moreover, plaintiffs plainly deny that this is a suit for a refund. Reply brief at 6. Consequently, the district court had no jurisdiction to review the merits of this lawsuit.

■■■■ The government requests this Court to impose sanctions against the Warrens for filing a frivolous appeal. An appeal is frivolous when it involves legal points not arguable on their merits. *Hagerty v. Succession of Clement*, 749 F.2d 217, 222 (5th Cir.1984), *cert. denied*, 474 U.S. 968, 106 S.Ct. 333, 88 L.Ed.2d 317 (1985). The government contends that the issues presented by the Warrens are not arguable on the merits because they have been foreclosed by this Court's ruling in *Mosher v. I.R.S.*, 775 F.2d 1292 (5th Cir. 1985), *cert. denied*, 475 U.S. 1123, 106 S.Ct. 1645, 90 L.Ed.2d 189 (1986). However, the arguments made in *Mosher* are somewhat different. The other cases cited by the government involve clear abuses of the judicial system and are not analogous to the facts of this case. Thus, the instant appeal is not frivolous. Sanctions are therefore inappropriate.

Accordingly, the judgment of the district court is REVERSED and VACATED and this case is REMANDED to the district court with instructions to dismiss for lack of jurisdiction.