**Charles VOTZMEYER**

v.

**UNITED STATES of America.**

**Civil Action No. C–94–502.**

United States District Court,
S.D. Texas,
Corpus Christi Division.

Aug. 16, 1996.

Paul G. Kratzig, Corpus Christi, TX, for plaintiff Charles Votzmeyer.

Gregory S. Garland, Mary C. Vance, Dept. of Justice, Tax Division, Dallas, TX, for defendant U.S.

***ORDER GRANTING DEFENDANT'S MO-
TION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MO-
TION FOR SUMMARY JUDGMENT***

HEAD, District Judge.

Relying on the deductible nature of alimony, plaintiff seeks to deduct from his income tax certain payments made in 1985 and thereafter to his former wife. The Internal Revenue Service has disallowed the deduction on the grounds that the payments were not "alimony." As there are no genuine issues of material fact, the parties have both moved for summary judgment. The Court grants the defendant's motion for summary

judgment and denies the plaintiff's motion for summary judgment.

## I. *BACKGROUND AND FACTS*

On May 30, 1985, the plaintiff divorced his wife, Theresa. In the decree of divorce entered after a trial on the merits, the 347th District Court of Nueces County, Texas required the plaintiff to pay his former spouse $175,000, with 6% yearly interest, in $3,000 monthly installments until paid in full.

In 1986, the plaintiff filed for bankruptcy in the Corpus Christi Division of the Southern District of Texas. The plaintiff, among other things, sought to have the $175,000 debt discharged. Theresa Votzmeyer, claiming the payments were in the nature of alimony, filed an adversary proceeding in the bankruptcy court to contest the dischargeability of the debt. The bankruptcy judge ruled that the debt was "in the nature of alimony" and denied the discharge of this debt. 11 U.S.C. § 523(a)(5)(B). Although the defendant was not a party to that specific adversary proceeding, it was a creditor in the plaintiff's bankruptcy and therefore had notice of all proceedings which arose from the bankruptcy.

"Alimony," as defined under 26 U.S.C. § 71, is deductible from the payor spouse's personal income taxes. 26 U.S.C. § 215; *Barrett v. United States*, 74 F.3d 661, 664 (5th Cir.1996). In 1985, the plaintiff began deducting the amount of the payments from his personal income taxes (for the taxable years 1985 and 1987–90). Theresa Votzmeyer included the payments in her total income for her personal income taxes. She later appeared before the tax court. There the Internal Revenue Service and Theresa Votzmeyer stipulated to certain facts. The tax court adopted the stipulations and found that the monthly $3,000 obligation in the divorce decree was not alimony under the tax laws and therefore not income to Theresa Votzmeyer. The plaintiff was not a party to this tax court proceeding, nor is there evidence that he was ever notified of its existence. Then the Internal Revenue Service disallowed the plaintiff's deduction. The plaintiff filed this suit and argues that his $3,000 obligation is "alimony" under the tax laws

and therefore deductible from his income tax obligation.

## II. *DISCUSSION*

### A. Does The Court Have Jurisdiction?

The plaintiff has filed the action as a suit against the United States under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration as to the meaning and effect of the bankruptcy court's judgment, along with the proper characterization of the obligation for tax purposes. In his complaint, however, the plaintiff also claims the Court maintains jurisdiction under 28 U.S.C. § 1346(a)(1), 26 U.S.C. § 7422, and 26 U.S.C. § 6532.

#### 1. *The Declaratory Judgment Act*

■ The Declaratory Judgment Act provides in pertinent part:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under 7428 of the Internal Revenue Code of 1986, ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration.

28 U.S.C. § 2201(a). This prohibition for federal tax cases relates to the Court's subject matter jurisdiction. *Warren v. United States*, 874 F.2d 280, 281–82 (5th Cir.1989). Such jurisdiction cannot be waived or manufactured with stipulations by the parties. *Id.* Accordingly, the plaintiff's waiver argument is of no avail. The Court lacks subject matter jurisdiction to issue a declaratory judgment with respect to this tax case.

#### 2. *Suits for Refund (28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422)*

■ 28 U.S.C. § 1346(a)(1) provides in pertinent part:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> (1) Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or

collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1346(a)(1). This provision, however, is subject to 26 U.S.C. § 7422. That section provides that "[n]o suit ... shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary...." 26 U.S.C. § 7422. Moreover, the Internal Revenue Code requires the taxpayer to pay the disputed tax in full and then begin the administrative proceedings followed by a civil suit in the appropriate federal court if necessary. 26 U.S.C. § 7422(a); *Flora v. United States*, 357 U.S. 63, 74–75, 78 S.Ct. 1079, 1086, 2 L.Ed.2d 1165 (1958); *Commissioner v. McCoy*, 484 U.S. 3, 6–8, 108 S.Ct. 217, 219, 98 L.Ed.2d 2 (1987). Because taxpayer suits for refunds are governed in part by the principles of sovereign immunity, a taxpayer's failure to comply with these prerequisites deprives the Court of subject matter jurisdiction. *Mallette Bros. Const. Co. v. United States*, 695 F.2d 145, 155 (5th Cir.), *cert. denied*, 464 U.S. 935, 104 S.Ct. 341, 78 L.Ed.2d 309 (1983).

The parties have stipulated that the plaintiff has properly requested a refund for his payment of taxes for the tax year 1985. The Court therefore possesses subject matter jurisdiction over the case to the extent that the plaintiff seeks a refund for that tax year. There are no stipulations for any other tax year. The parties are ordered to advise the Court on the facts that would establish jurisdiction under a refund theory for the other tax years in dispute.

**B. The Merits**

 Section 523 of the bankruptcy code exempts certain debts from the general rule that all debts are dischargeable through bankruptcy. 11 U.S.C. § 523. One such exemption is a debt "to a ... former spouse ... of the debtor" where the monetary obligation is "actually in the nature of alimo-

ny...." 11 U.S.C. § 523(a)(5)(B); *Matter of Dennis*, 25 F.3d 274, 277 (5th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 732, 130 L.Ed.2d 636 (1995). Because federal bankruptcy law determines whether an obligation is dischargeable in bankruptcy, "[b]ankruptcy courts must ... look beyond the labels which state courts—and even the parties themselves—give obligations...." *Dennis*, 25 F.3d at 277. Accordingly, bankruptcy courts use their own set of factors to determine whether an obligation is "in the nature of alimony" and therefore dischargeable in bankruptcy. The considerations include (1) the parties' disparity in earning capacity; (2) their relative business opportunities; (3) their physical condition; (4) their educational background; (5) their probable future financial needs, and the benefits each party would have received had the marriage continued. *In re Joseph*, 16 F.3d 86, 88 (5th Cir.1994). Because federal bankruptcy law controls the bankruptcy court's characterization of an obligation as "in the nature of alimony", the bankruptcy court did not have the occasion to apply the tax code's definition of "alimony." The bankruptcy court decided the issue of alimony for bankruptcy purposes. It is not relevant under the tax code what the bankruptcy court determined was the dischargable nature of the plaintiff's obligation to his ex-wife.

The Internal Revenue Service, like the bankruptcy court, must abide by its own set of statutes and regulations. Under the statute in effect at the time the state court entered the divorce decree in 1985, obligations to former spouses were deductible if they were (1) paid in cash; (2) received by the former spouse under a divorce instrument that did not designate the payments as non-deductible; (3) were not made while the paying and receiving spouse were part of the same household; (4) terminated on the death of the receiving spouse; and (5) the divorce or separation agreement explicitly stated that the payments would terminate on the death of the receiving spouse. *See* 26 U.S.C. § 71(b) [Deficit Reduction Act of 1984, Pub.L. No. 98–369, § 422(a), 98 Stat. 795 (1984)]. Congress amended Section 71 with its passage of the Tax Reform Act of 1986 and eliminated the requirement that the di-

vorce instrument specifically state that the obligation would terminate on the death of the receiving spouse. Tax Reform Act of 1986, Pub.L. No. 99–514, Sec. 1843(b), 100 Stat. 2853 (October 22, 1986). Congress mandated, however, that the amendment was to apply only to those divorce instruments executed after December 31, 1986. Tax Reform Act of 1986, Pub.L. No. 99–514, Sec. 1843(c)(2), 100 Stat. 2854–55 (October 22, 1986). Accordingly, the factors in effect under the 1985 version of Section 71 apply to determine whether the obligation at issue is deductible from the plaintiff's income.

The divorce decree issued by the state court lacks the specific language required by the 1985 version of 26 U.S.C. § 71(b). As such, the decree does not qualify as an instrument that would enable the plaintiff to take an "alimony" income tax deduction for the payments he made to his former spouse. The defendant properly disallowed the plaintiff's claim for refund. The Court therefore grants the defendant's motion for summary judgment, and denies the plaintiff's motion for summary judgment.