**ADVANCED MATERIALS, INC.**

v.

**UNITED STATES of America, et al.**

**Civil Action No. 96–0771.**

United States District Court,
E.D. Louisiana.

Feb. 14, 1997.

Leon Rudloff, Metairie, LA, for plaintiff.

Doris R. Piper, Assistant U.S. Attorney, U.S. Attorney's Office, New Orleans, LA, for defendants.

## ORDER AND REASONS

MENTZ, District Judge.

The plaintiff Advanced Materials, Inc. ("AMI") filed suit against the United States, and employees of the United States Defense Contract Audit Agency (DCAA)—William H. Reed, E.A. Burgess, and Gary Bazzell, under the Federal Tort Claims Act, 28 U.S.C. § 2401(b). Before the court is the defendants' Motion to Dismiss. For the reasons stated below, the defendants' motion is granted.

### Background

AMI had several contracts with the Department of Defense concerning research and development. After AMI's contract work was performed and payment was made on its bills, the DCAA conducted a routine audit of each contract. On December 17, 1993, the DCAA notified AMI that it was suspending payment by the government on a portion of AMI's claimed costs. The agency informed AMI that the questioned costs had been determined by its auditors to be inadequately supported or otherwise questionable, and not appropriate for reimbursement under the terms of the contract.

AMI filed this suit alleging, *inter alia*, that the defendants performed the audit in a negligent and intentionally wrongful manner, acted in bad faith, and made material misrepresentations, all of which caused the government to stop paying AMI's vouchers and resulted in economic loss to AMI's business. The defendants' contend that AMI's action sounds primarily in contract rather than in tort, and therefore this court does not have jurisdiction under the FTCA.

### Law and Analysis

■ The United States may only be sued to the extent that it has waived its sovereign immunity. *See United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). The issue of whether the government has waived its sovereign immunity to be sued in a claim of this nature is jurisdictional. *Beers v. North American Van Lines, Inc.*, 836 F.2d 910, 912 (5th Cir.1988); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099, 2103, 72 L.Ed.2d 492 (1982).

One such waiver of the sovereign immunity is contained in the Federal Tort Claims Act, which provides that district courts have jurisdiction against the United States for claims

> for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment....

28 U.S.C. § 2679(b)(1).

■ Waivers of the United States' immunity are to be strictly construed. *See Warren v. United States*, 874 F.2d 280, 282 (5th Cir.1989). An action falls outside the subject matter jurisdiction conferred on district courts by the FTCA where the plaintiff's claim arises out of the government's breach of a contractual obligation. *See Blanchard v. St. Paul Fire and Marine Ins. Co.*, 341 F.2d 351, 357 (5th Cir.1965). Claims arising out of contractual disputes are governed by the Contract Disputes Act of 1978, ("CDA"), 41 U.S.C. § 601 *et seq.* The CDA "provides a comprehensive statutory system

of remedies for resolving government contract disputes." *United States v. McDonnell Douglas Corp.,* 751 F.2d 220, 223 (8th Cir. 1984).

In *Blanchard,* 341 F.2d at 357, the court noted that:

> The [FTCA] was designed, with certain exceptions, to 'remove the sovereign immunity of the United States from suits in tort.' Uppermost in the mind of Congress when it waived this immunity were the ordinary common law torts. Of these, the example which is reiterated in the legislative history for submitting the United States to tort liability is 'negligence in the operation of vehicles.' That claims based upon breach of contract are wholly alien to the [FTCA] is beyond question. (Citations and footnote omitted).

■ The question of whether the FTCA provides this court with subject matter jurisdiction turns upon whether AMI's complaint is actually based upon breach of contract. In determining whether a claim is based in tort or contract, a court is not bound by the parties' characterizations of the complaint. *See City Nat'l Bank v. United States,* 907 F.2d 536, 546 n. 9 (5th Cir.1990).

In a prior *Bivens* action brought by AMI against defendants Burgess and Bazzell,[1] AMI alleged that the auditors conspired to distort the truth, to tarnish AMI's reputation, and to force AMI out of business, in violation of AMI's constitutional rights. The court determined that because AMI's "claims arise from its contractual relationship with the government, they are subject to regulation under the CDA," and dismissed AMI's suit for lack of jurisdiction. *Advanced Materials, Inc. v. E.A. Burgess,* 1995 WL 25891 (Jan.1995), *aff'd,* 95 F.3d 47 (5th Cir.1996).

■ In the case at bar, AMI claims that the agency auditors prepared an audit which negligently and intentionally harmed AMI's contractual relationship with the government and consequently, its business. As in the prior *Bivens* action, the tort claims in the

present suit are actually founded upon AMI's contract dispute with the government. The obligations of the parties originated in their contract. The government's liability TO AMI depends primarily upon the government's promise to pay AMI for its work. Regardless of the validity of AMI's claims, there can be no liability unless it can prove the existence of a promise by the government to pay and a wrongful breach of that promise. The plaintiff's claim is therefore based in contract, and does not fall within the intended scope of the FTCA.

Accordingly,

IT IS ORDERED that the Defendant's Motion to Dismiss is **GRANTED.**

---

1. When AMI filed the present litigation, it failed to file a notice of prior related action. *See* Local Rule 1.05. It would have been appropriate to transfer this matter to Judge McNamara who has handled two prior lawsuits in connection with

the unreimbursed costs at issue herein. Having not been properly informed of the prior proceedings until the present motion was filed, this court decided to retain the case in the interest of judicial economy.