# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 98-50363
Summary Calendar

CONNIE K. CLIMER,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
Internal Revenue Service,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(SA-96-CV-971)

December 21, 1998

Before POLITZ, Chief Judge, WIENER and DENNIS, Circuit Judges.

POLITZ, Chief Judge:[*]

Connie Climer filed this taxpayer suit against the Internal Revenue Service alleging unlawful collection of taxes and wrongful seizure of her vehicle. The trial court held that the claims were barred by the doctrine of sovereign immunity and not otherwise cognizable under federal law. For the reasons assigned, we affirm.

## BACKGROUND

In 1985, Climer and her former husband filed tax returns for the 1980, 1981,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1982, and 1984 tax years. In June 1985, the Climers filed for bankruptcy under Chapter 11 of the Bankruptcy Code, and the automatic stay went into effect.[1] In June of 1987 the bankruptcy court granted the Climers' motion to dismiss their case. After the case was dismissed, but before it was closed, the IRS mailed a statutory notice of deficiency for the 1980, 1981, 1982, and 1984 tax years.

Subsequently, the tax deficiencies in the statutory notice of deficiency were assessed against the Climers and federal tax liens were filed. In satisfaction of the deficiency, the IRS withheld $1500 of the Climers' tax refund for the 1987 to 1991 years and, in June 1988, seized and sold the Climers' automobile.

In June 1995, Climer requested and received innocent spouse treatment[2] for the deficiencies, and the IRS removed her from the notices of liens previously filed. She thereafter made several requests for a refund of the taxes withheld and reimbursement for the vehicle seized; the IRS denied these requests as untimely.

Proceeding *pro se*, Climer filed the instant suit, contending that the IRS unlawfully collected funds from her because it failed to provide various statutorily required notices,[3] violated the automatic stay,[4] and violated her statutory and constitutional rights in seizing her vehicle.

## ANALYSIS

---

[1]11 U.S.C. § 362(a).

[2]**See** 26 U.S.C. § 6013(e), since repealed. **See** Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, § 3201(1), 112 Stat. 740 (July 22, 1998).

[3]She cites 26 U.S.C. §§ 6212, 6213, 6303, 6331.

[4]**See** 11 U.S.C. § 362(h).

In recommending that the district court grant summary judgment to the defendant, the magistrate judge interpreted Climer's claims as a demand for the recovery of funds erroneously or illegally retained by the IRS and for damages arising from such action. The court *à quo* accepted the magistrate judge's recommendations and applied section 1346, which vests federal courts with jurisdiction over suits against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected."[5] The court held, however, that Climer could not bring suit under section 1346, because she failed to comply with the three-year statute of limitations, set forth in section 6511.[6] The court declined to consider equitable tolling, because, as the Supreme Court recently held, section 6511 is subject to no such exception.[7] Because Climer's action is against the United States, her failure to comply with the statutory period divested the court of jurisdiction under the doctrine of sovereign immunity.[8]

The court next considered whether Climer could obtain relief under section 7433, which provides a cause of action for damages arising from reckless or intentional violations of the Internal Revenue Code in connection with tax

---

[5]28 U.S.C. § 1346(a)(1).

[6]28 U.S.C. § 6511(a).

[7]**See United States v. Brockamp**, __ U.S. __, 117 S. Ct. 849 (1997).

[8]**See United States v. Mitchell**, 445 U.S. 535 (1979); **United States v. Testan**, 424 U.S. 392 (1976); **Wilkerson v. United States**, 67 F.3d 112 (5ᵗʰ Cir. 1995).

3

collection.[9] The trial court held that section 7433 did not apply to conduct pre-dating November 10, 1988, because the statute did not become effective until that date[10] and that, insofar as section 7433 applied, Climer's claims were time-barred under the two-year statute of limitations.[11] Climer's claim that the IRS violated the automatic stay under section 362(h) was construed to be a challenge of the deficiency notice, because that notice was filed before the bankruptcy case was closed. The court dismissed this claim, reasoning that Climer could have taken steps to void the notice, but failed to do so. Finally, the court rejected Climer's claims under the Federal Tort Claims Act[12] and **Bivens v. Six Unknown Agents of Federal Bureau of Narcotics**,[13] concluding that both claims were precluded by the doctrine of sovereign immunity.[14]

The trial court correctly determined that the principles of sovereign immunity bar Climer's claims and that -- under the applicable law and facts -- equitable tolling is not available to overcome any of the statutory bars. On appeal, Climer disclaims reliance on section 1346, urging that jurisdiction is based on section

---

[9]28 U.S.C. § 7433(a).

[10]**See Shaw v. United States**, 20 F.3d 182 (5th Cir. 1994) (citing the Technical & Miscellaneous Revenue Act of 1988, Pub. L. No. 100-647, § 6241(d), 102 Stat. 3342 (November 10, 1988)).

[11]28 U.S.C. § 7433(d)(3); **see** I.R.C. § 7433(g)(2).

[12]28 U.S.C. § 2671 **et seq.**

[13]403 U.S. 388 (1971).

[14]28 U.S.C. § 2680(c); **Garcia v. United States**, 666 F.2d 960 (5th Cir. 1982).

1331.  Section 1331, however, contains no waiver of sovereign immunity,[15] and provides no succor.

Climer also cites section 7426.  This section permits only suits challenging tax levies by parties **other than the taxpayer**,[16] and only within "9 months from the date of the levy . . . giving rise to such action."[17]  Climer cannot satisfy either requirement.

Finally, Climer does not claim that the violation of the automatic stay occurred because the IRS sent a notice of deficiency before her case was closed.[18]  Rather, she contends that the IRS violated the automatic stay by assessing taxes against her in 1985.  Although section 362(h) has no express statute of limitations, section 2401 permits suit against the United States only within six years from the date a right of action first accrues.[19]  For Climer that right accrued in 1985, when the stay was allegedly violated, and, therefore, this action, filed several years after 1991, is time-barred.

AFFIRMED.

---

[15]**Smith v. Booth**, 823 F.2d 94 (5th Cir. 1987).

[16]**Shanbaum v. United States**, 32 F.3d 180 (5th Cir. 1994).

[17]26 U.S.C. §6532(c)(1).  The other time period mentioned in the statute is not applicable here.

[18]At any rate, the statute makes clear that the automatic stay is abrogated when the case is dismissed to the same extent that it would be if the case were closed.  **See** 11 U.S.C. § 362(c)(2)(B).

[19]28 U.S.C. § 2401(a).