**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2009

Charles R. Fulbruge III

Clerk

No. 08-41359
Summary Calendar

RAYMOND LEBOUEF,

Plaintiff-Appellant,

versus

ISLAND OPERATING COMPANY, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. 3:06-CV-613

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

I.

Raymond Lebouef was injured on August 23, 2005, while working on a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fixed oil platform and sued Newfield Exploration Company on September 29, 2006, under the Outer Continental Shelf Lands Act. Lebouef amended his complaint on September 18, 2007, to add Island Operating Company, Inc. ("Island Operating") as a defendant. The parties do not dispute the applicability of Texas's two-year statute of limitations to this personal-injury action.

Island Operating's answer to the second amended complaint did not raise a limitations bar but only stated, without explanation, "The Complaint filed herein fails to state a claim upon which relief can be granted." Several months later, after participating in discovery and further proceedings, both defendants moved for summary judgment on a substantive issue that Lebouef does not raise on appeal; Island Operating also argued that the suit is barred by limitations.

The district court held that the limitations defense was not waived, because, it stated, a court can raise it *sua sponte*; the court granted summary judgment for both defendants. Lebouef appeals, claiming (1) that Island Operating cannot rely on limitations, because it was not properly pleaded as an affirmative defense; (2) the district court should not have raised the limitations bar *sua sponte*; and (3) limitations was tolled.

## II.

A court may raise a limitations bar *sua sponte* only in a limited number of particular circumstances. For example, in a suit by a prisoner under 42 U.S.C. § 1983, the district court has a statutory responsibility to screen out frivolous suits.[1]

---

[1] *See* 28 U.S.C. § 1915A (requiring the court to review prisoner suits and dismiss any complaint that "is frivolous, malicious, or fails to state a claim on which relief may be granted."); 28 U.S.C. § 1915(e)(2) (authorizing *sua sponte* dismissal of *in forma pauperis* petitions that are frivolous, malicious, or fail to state a claim); *Stanley v. Foster*, 464 F.3d 565, 567-68 & n.2 (authorizing *sua sponte* dismissal of § 1983 suit on statute of limitations grounds under § 1915(e)).

A court may also dismiss a suit *sua sponte* if a limitations bar destroys federal jurisdiction. "It is well-established that, if a waiver of sovereign immunity contains a limitations period, a plaintiff's failure to file his action within that period deprives the court of jurisdiction." *Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 637 (5th Cir. 2003). A government defendant who fails to assert limitations as an affirmative defense has thus not waived it, because the defect in the claim means that the court does not have jurisdiction to hear the suit at all. *Id.* "[S]ubject-matter jurisdiction is not waivable, and the federal courts are under a continuing duty to inquire into the basis of jurisdiction in the district court." *Warren v. United States*, 874 F.2d 280, 281-82 (5th Cir. 1989).

Both of those situations are special cases in which the court has some particular duty to decide the limitations issue because of a statutory command or a jurisdictional limitation. They are exceptions to the general rule that a defendant must raise an affirmative defense in his answer to the complaint. Federal Rule of Civil Procedure 8(c) requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . statute of limitations." If the affirmative defense is not included in the complaint, it is waived. *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198 (5th Cir. 1991). Once the defendant has waived that defense, it "cannot revive the defense in a memorandum in support of a motion for summary judgment," *Funding Sys. Leasing Corp. v. Pugh*, 530 F.2d 91, 96 (5th Cir. 1976), as Island Operating tried to do here. It follows that in an ordinary civil case, where the district court has no special duty to examine the pleadings, the affirmative defense of statute of limitations can be waived and may not be raised by the court *sua sponte*. *See Eriline Co. v. Johnson*, 440 F.3d 648, 657 (4th Cir. 2005).

Island Operating argues that it properly raised the limitations bar in its answer by its statement that Lebouef failed to state a claim on which relief could be granted. That statement was not sufficient to provide any notice to Lebouef

3

that there was a limitations problem or that Island Operating intended to raise a limitations defense. True, "[t]he pleading of affirmative defenses is governed by the same liberal standards as those for a complaint." *Marine Overseas Servs., Inc. v. Crossocian Shipping Co., Inc.*, 791 F.2d 1227, 1233 (5th Cir. 1986). But given that there are nineteen affirmative defenses listed in rule 8(c), as well as other deficiencies that can cause failure to state a claim, the defendant must provide at least some information that alerts the plaintiff to what the alleged problem is. Island Operating's unelaborated statement of failure to state a claim did not provide enough information to preserve its affirmative defense.

Island Operating also claims that Lebouef had actual notice of the limitations issue because of informal conversations that took place out of court between the attorneys. The content of the conversations is disputed, and, because they are not in the record, we take no notice of them, even assuming, *arguendo*, that the existence of such discussions would make a difference.

The summary judgment is REVERSED, and this matter is REMANDED for further proceedings. We express no opinion on how this litigation should proceed on remand.