# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2020

Lyle W. Cayce
Clerk

No. 20-20035
Summary Calendar

THE NATIONAL SHIPPING COMPANY OF SAUDI ARABIA,

    Plaintiff

v.

VALERO MARKETING AND SUPPLY COMPANY,

    Defendant-Third Party Plaintiff - Appellant

v.

TRAFIGURA TRADING LLC,

    Third Party Defendant - Appellee

Appeals from the United States District Court
for the Southern District of Texas

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Valero Marketing and Supply Company ("Valero") files this appeal pursuant to 28 U.S.C. § 1292(a)(3) after the district court denied its motion for certification for interlocutory appeal under 28 U.S.C. § 1292(b). Because we lack jurisdiction, we dismiss Valero's appeal.

## I. Facts & Procedural History

In March 2019, two shipping companies—the National Shipping Company of Saudi Arabia ("National Shipping") and Indelpro S.A. DE C.V.

## No. 20-20035

("Indelpro")—sued Valero, in two separate actions,[1] alleging that it had supplied them with contaminated fuel. Valero answered both complaints and filed a third-party complaint against Trafigura Trading L.L.C. ("Trafigura"). In its third-party complaint against Trafigura, Valero alleged claims for breach of contract, negligence, express and implied warranty breach, products liability, and violations of the Texas Civil Practice and Remedies Code. Valero also invoked Rule 14(c)[2] to "tender" Trafigura as a direct defendant in the National Shipping case on grounds that it was wholly liable for the damages alleged therein.

Trafigura, the third-party defendant, asserted that Valero's claims fell under three contracts (Nos. 1654384, 1659403, & 1669270) between Trafigura and Valero—one with a mandatory arbitration clause and two with exclusive forum selection clauses. On these grounds, Trafigura moved to sever and transfer the claims subject to the forum selection clauses to the Southern District of New York (the designated forum) and to dismiss the claims subject to the arbitration clause in favor of arbitration.

On December 26, 2019, the district court addressed Trafigura's motions in both shipping cases in a single opinion. It granted Trafigura's motion to sever and transfer the claims under the two contracts with the forum selection clauses and to sever and dismiss the claims under the contract with the arbitration clause. In its memorandum and opinion, the district court

---

[1] *The Nat'l Shipping Co. of Saudi Arabia v. Valero Mktg. & Supply Co.*, Civil Action No. 19-1096; *Indelpro S.A. DE C.V. v. Valero Mktg. & Supply Co.*, Civil Action No. 19-4115.

[2] *See* Fed. R. Civ. P. 14(c)(1)-(2) ("If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant . . . may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable—either to the plaintiff or to the third-party plaintiff—for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences . . . . The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant.").

explained that Contract No. 1654384 contained a valid agreement to arbitrate and that several of Valero's claims fell within the scope of that agreement so severance and dismissal in favor of arbitration was warranted. As to Contract Nos. 1659403 and 1669270, the district court noted that they contained exclusive forum selection clauses identifying the Southern District of New York as having exclusive jurisdiction. Upon analyzing the applicable private and public-interest factors, the court determined that severance and transfer was appropriate. *See* 28 U.S.C. § 1404(a). Finally, citing this court's opinion in *Texaco Exploration & Production Company v. AmClyde Engineered Products Company*, 243 F.3d 906, 908, 910 (5th Cir. 2001), the district court held that the Rule 14(c) tender did not overcome the contractually agreed upon arbitration and forum selection clauses.

After the district court's December 2019 opinion issued, Valero filed a notice of appeal pursuant to 28 U.S.C. § 1292(a)(3). Valero then filed a motion for clarification as to what effect the transfer and dismissal of its third-party claims against Trafigura had on its Rule 14(c) tender of Trafigura in the National Shipping case. In its motion, Valero stated that if the district court intended to "fully dismiss Trafigura," it would seek certification of the issue for interlocutory appeal to the Fifth Circuit under 28 U.S.C. § 1292(b).

The district court granted Valero's motion for clarification and explained that there was "no Rule 14(c) tender that overcomes the arbitration and forum-selection clauses at issue in this case [so] Trafigura is no longer a party to this litigation." The district court then denied Valero's motion to conditionally certify the issue for interlocutory appeal under 28 U.S.C. § 1292(b) observing that:

> The December 2019, opinion did not determine the
> rights and obligations of Valero and Trafigura, but
> merely ruled on the forum for determining those rights
> and obligations. The issue does not involve a

No. 20-20035

"controlling issue of law" nor will it "materially advance the ultimate termination of the litigation."

Valero then appealed the district court's March 3, 2020 order pursuant to 28 U.S.C. § 1292(a)(3) noting that the order "merely makes clear that the prior [December 2019] opinion did, in fact, have the effect of dismissing Valero's Rule 14(c) tender of Trafigura as a direct-defendant to Plaintiff National Shipping Company of Saudi Arabia."

## II. Standard of Review

"[T]his court has a duty to analyze its own jurisdiction de novo." *See Providence Behavioral Health v. Grant Rd. Pub. Util. Dist.*, 902 F.3d 448, 455 (5th Cir. 2018) (citing *Smith v. Booth*, 823 F.2d 94, 96 (5th Cir. 1987)).

## III. Discussion

On appeal, Valero argues that the district court erred in concluding that the dismissal and transfer of its third-party claims against Trafigura necessitated dismissal of its Rule 14(c) tender of Trafigura in the National Shipping case. Trafigura counters that this court lacks jurisdiction to entertain Valero's appeal under 28 U.S.C. § 1292(a)(3) because the district court's ruling did not constitute a final determination of the rights and liabilities of the parties. We agree.

"This court's appellate jurisdiction is ordinarily limited to 'final decisions of the district courts of the United States.'" *SCF Waxler Marine, LLC v. Aris T M/V*, 902 F.3d 461, 464 (5th Cir. 2018) (citing 28 U.S.C. § 1291). However, where permitted by statute, we may hear certain interlocutory appeals. *Id.* Section 1292(a)(3) provides that appellate courts shall have jurisdiction over appeals from interlocutory decrees of district courts "determining the rights and liabilities of the parties to admiralty cases." We have "construed [this] grant narrowly, hewing closely to the statute's 'original purpose of permitting appeals from orders finally determining one party's liability to another and

referring the action for a computation of damages.'" *Waxler Marine*, 902 F.3d at 464 (citation omitted). We do not look at the "characterization of the ruling at issue [but rather] to the substance of what the lower court decided." *Id*. We have acknowledged "that appellate jurisdiction is generally appropriate 'whenever an order in an admiralty case dismisses a claim for relief on the merits.'" *Id*. at 464–65.

Valero contends that under *Waxler Marine*, the "district court's dismissal of the Rule 14(c) tender of Trafigura to [National Shipping] as a direct-defendant has the effect of finally determining the liability of Trafigura as non-existent with respect to those claims." We disagree. As the district court stated in its March 2020 order, "[t]he December 2019[] opinion did not determine the rights and obligations of Valero and Trafigura, but merely ruled on the forum for determining those rights and obligations."[3] Moreover, Valero's own liability in the shipping cases has yet to be established in the underlying litigation and consequently, as Trafigura concedes in its appellate brief, "Trafigura's potential liability to Valero remains a live issue" although it must be resolved in a different forum. Because we conclude that the district court's December 2019 order granting Trafigura's motions to sever and transfer and to sever and dismiss did not determine the rights and liabilities of the parties, we hold that we do not have jurisdiction over Valero's appeal taken pursuant to 28 U.S.C. § 1292(a)(3).

## IV. Conclusion

Valero's appeal is dismissed for lack of jurisdiction.

---

[3] *See In re Ingram Towing Co.*, 59 F.3d 513, 517 (5th Cir. 1995) (rejecting jurisdiction under section 1292(a)(3) for decision staying state court action because "[t]he district court did not determine the rights and liabilities of the parties, it 'merely settled how and where the rights and liabilities would be determined.'" (quoting *State Establishment v. M/V Wesermunde*, 770 F.2d 987, 990 (11th Cir. 1985))); *see also Psara Energy, Ltd. v. Advantage Arrow Shipping, L.L.C.*, 946 F.3d 803, 809 (5th Cir. 2020).