# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2026

Lyle W. Cayce
Clerk

No. 25-50854

Cal-Tex Compression Services, L.L.C.,

*Plaintiff—Appellant*,

*versus*

LTM Consulting, L.L.C.,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:25-CV-893

---

Before Smith, Willett, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Cal-Tex Compression Services, L.L.C. appeals from an order abstaining under 28 U.S.C. § 1334(d) and remanding this case to state court. Because § 1334(d) bars appellate review of that order, LTM's motion to dismiss for lack of appellate jurisdiction is GRANTED, and Cal-Tex's appeal is DISMISSED for lack of appellate jurisdiction.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50854

I

Cal-Tex sued LTM Consulting, L.L.C. in Bexar County, Texas, alleging breach of contract, usury, and tortious interference arising from a loan agreement that financed Cal-Tex's purchase of oil and gas compressors. LTM counterclaimed against Cal-Tex and several affiliated parties, asserting breach of contract, fraud, conversion, civil conspiracy, and other claims. The following year, Cal-Tex filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. *In re Cal-Tex Compression Servs., LLC*, No. 25-32180, Dkt. 1 (Apr. 22, 2025). Shortly thereafter, two third-party defendants filed a notice of removal in the bankruptcy court. Because § 1452(a) requires removal to the district court where the state action is pending, the bankruptcy court *sua sponte* transferred the case to the United States District Court for the Western District of Texas. *See* 28 U.S.C. § 1452(a).

After transfer, LTM moved for abstention and remand, arguing that § 1334(c)(2) required the district court to abstain. LTM asserted that the case involved non-core, state-law claims between nondiverse parties and had no independent basis for federal jurisdiction apart from Cal-Tex's bankruptcy. LTM served the motion electronically through the district court's filing system on the attorneys listed for Cal-Tex on the docket. Cal-Tex did not respond.

The district court granted LTM's motion. It determined that abstention was mandatory because the removed action was: (1) subject to a timely abstention motion; (2) based on state law; (3) related to a bankruptcy case; (4) unsupported by any independent basis for federal jurisdiction; and (5) capable of timely adjudication in the pending state-court action. *See In re Grober*, 100 F.3d 1195, 1206 (5th Cir. 1996). Having found all five

2

requirements satisfied, the district court abstained and remanded the case to state court. Cal-Tex appealed.

## II

We begin, as we must, with our jurisdiction. *Moore v. Harper*, 600 U.S. 1, 14 (2023); *Casteneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999). Section 1334 gives federal courts jurisdiction over bankruptcy cases and proceedings, including certain state-court proceedings removed under § 1452(a). But bankruptcy "related to" jurisdiction is not "limitless." *In re Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995) (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995)).

To prevent "an overbroad construction of § 1334" from sweeping into federal court "matters that should be left for state courts to decide," *id.* (citation omitted), Congress specified when a district court may—or must—abstain. 28 U.S.C. § 1334(c)(1)–(2). Section 1334(c)(1) permits abstention "whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law,'" whereas § 1334(c)(2) requires abstention when its statutory conditions are met. *In re Grober*, 100 F.3d at 1206 (quoting 28 U.S.C. § 1334(c)); *see also In re EP Energy E&P Co. L.P.*, 169 F.4th 609, 624 n.44 (5th Cir. 2026) (same).

Congress also limited appellate review. Under § 1334(d), "[a]ny decision to abstain or not to abstain made under subsection (c)" is unreviewable by a court of appeals, except "a decision not to abstain" in a mandatory-abstention proceeding under § 1334(c)(2). 28 U.S.C. § 1334(d). The exception is narrow: we may review a district court's *refusal* to abstain under § 1334(c)(2), but we may not review a district court's decision to abstain—whether permissively under § 1334(c)(1) or mandatorily under § 1334(c)(2). *See id.*

No. 25-50854

## III

Cal-Tex does not cite § 1334(d) in its opening brief, much less explain why it permits review here. Nor does Cal-Tex provide support in its opposition to LTM's motion to dismiss for the assertion that "§ 1334(d) does not apply to this appeal." Instead, Cal-Tex says it is not challenging the abstention order at all. Its theory is that LTM's allegedly defective service of the abstention-and-remand motion violated due process, rendering the district court's order void and outside § 1334(d)'s review bar. We disagree.

Appellate jurisdiction turns on the order appealed from, not the label a party attaches to its arguments. *See, e.g.*, *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 398 (5th Cir. 2017) ("[W]hether there is jurisdiction over the appeal . . . must be determined by focusing upon the category of order appealed from, rather than upon the strength of the grounds for reversing the order." (quoting *Behrens v. Pelletier*, 516 U.S. 299, 311 (1996)); *Nat'l Shipping Co. of Saudi Arabia v. Valero Mktg. & Supply Co.*, 963 F.3d 479, 482 (5th Cir. 2020) ("We do not look at the 'characterization of the ruling at issue [but rather] to the substance of what the lower court decided.'" (citation omitted)).

The order Cal-Tex asks us to vacate is, in substance and form, a decision to abstain under § 1334(c)(2). The district court expressly invoked mandatory abstention, analyzed the five mandatory-abstention requirements, and concluded that it "must abstain and remand the instant action pursuant to § 1334(c)(2)." Section 1334(d) bars appellate review of that decision. Its exception does not apply because the district court did not refuse to abstain; it abstained. 28 U.S.C. § 1334(d).

Cal-Tex cannot manufacture appellate jurisdiction by recasting an unreviewable abstention order as a due-process challenge. *See In re TMT Procurement Corp.*, 764 F.3d 512, 525 (5th Cir. 2014). Were it otherwise,

No. 25-50854

§ 1334(d) would have little work to do: any disappointed litigant could obtain review of an abstention order simply by incanting magic words and constitutionalizing an objection to the proceedings that produced it. Congress chose a different rule. It authorized appellate review only when a district court refuses mandatory abstention under § 1334(c)(2). *See* 28 U.S.C. § 1334(d). The district court here did the opposite. And because Congress knows how to create exceptions to jurisdiction-stripping provisions, *e.g.*, *id.*; *see also id.* § 1447(d), we must enforce the exception Congress enacted—not one Cal-Tex asks us to imply. *See Comsat Corp. v. FCC*, 250 F.3d 931, 937–38 (5th Cir. 2001).[1]

## IV

Cal-Tex's constitutional framing does not change the character of the order before us. The district court granted mandatory abstention under § 1334(c)(2), and § 1334(d) makes that decision unreviewable on appeal. We therefore GRANT LTM's motion to dismiss for lack of appellate jurisdiction and DISMISS Cal-Tex's appeal without reaching Cal-Tex's due-process argument.[2]

---

[1] Because § 1334(d) is dispositive, we need not decide whether § 1452(b) independently bars review of the remand order.

[2] We DENY the request for sanctions.