Elmer TUTTON, Jr., Fred Dabney, Walter R. Medford, Marvin B. Walker, and Edward Fuller, Plaintiffs,

v.

GARLAND INDEPENDENT SCHOOL DISTRICT, Defendant.

Civ. A. No. CA3–88–1600–D.

United States District Court, N.D. Texas, Dallas Division.

March 30, 1990.

---

Edward B. Cloutman, III of Mullinax, Wells, Baab & Cloutman, P.C., Dallas, Tex., for plaintiffs.

John L. Ross and Jennifer D. Aufricht of Thompson, Coe, Cousins & Irons, Dallas, Tex., for defendant.

FITZWATER, District Judge:

The instant motion for summary judgment in this race discrimination action presents the questions whether plaintiffs have adduced sufficient summary judgment evidence to warrant a trial and whether plaintiffs and their former counsel should be sanctioned for filing and continuing to prosecute this suit.

I

Plaintiffs are five African–Americans who were employed by defendant Garland Independent School District ("GISD") as members of the maintenance staff and later terminated from employment. Plaintiffs allege they were laid off solely because of their race, and seek relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981.

Defendant GISD moves for summary judgment, contending plaintiffs cannot point to any evidence to support their claims of employment discrimination based upon race. Defendant also requests the

court to award attorney's fees against plaintiffs and their former attorney[1] pursuant to 42 U.S.C. § 2000e–5(k), Fed.R. Civ.P. 11, and 28 U.S.C. § 1927.[2] Plaintiffs have not responded to the motion.[3]

## II

### A

To survive a motion for summary judgment, the nonmovants must establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The mere existence of some disputed fact will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Id.* at 248, 106 S.Ct. at 2510. Factual disputes that are irrelevant or unnecessary will not be counted. *Id.*

A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248–49, 106 S.Ct. at 2510–11 (citing *First*

*Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968)). Nonmovants cannot rest on their allegations without any significant probative evidence tending to support the complaint. *Id.* at 249, 106 S.Ct. at 2510 (quoting *Cities Serv.*, 391 U.S. at 290, 88 S.Ct. at 1593 (conspiracy allegations insufficient without evidentiary support)). They must do more than simply show that "there is some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1355, and are obligated to come forward with specific facts showing there is a genuine issue for trial. *Id.* at 587, 106 S.Ct. at 1356.

■ The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against parties who fail to make a showing sufficient to establish the existence of an element essential to their case, and on which they will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In such a situation there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmoving parties' case necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552–54. The summary judgment movant is entitled to judgment as a matter of law because the nonmovants

1. On September 26, 1989 plaintiffs' attorney moved to withdraw from this case, indicating he could not continue representing plaintiffs without violating his obligations under Fed.R.Civ.P. 11. The court granted the motion to withdraw on October 16, 1989.

2. Defendants have also moved the court to strike or dismiss this action as a discovery sanction. The magistrate has recommended that the court strike the portions of the complaint that assert causes of action on behalf of plaintiffs Edward Fuller and Marvin B. Walker because they failed to appear for their depositions and for the hearing on the motion to strike. The magistrate has also recommended that plaintiffs Walker and Fuller be assessed a $350.00 sanction to reimburse defendant for attorney's fees incurred by its counsel in preparing for their depositions and for the hearing on the motion to strike. Fuller and Walker have not filed objections to the magistrate's recommendation

and the court adopts it to the extent of imposing the monetary sanction.

3. On November 26, 1989 plaintiffs wrote a letter to the court requesting that the motion be denied. They alleged that the affidavit attached to GISD's motion was false, GISD had hired employees after plaintiffs were laid off, some persons purportedly laid off were actually already retired or are still working part time for GISD, the plaintiffs were unfairly evaluated, and the plaintiffs were improperly charged with absences from work when they were in fact ill. In response to the letter, the court issued a December 8, 1989 order granting plaintiffs until January 8, 1990 to file a summary judgment response or a motion for continuance. Plaintiffs have done neither. Because plaintiffs' unsworn letter is not admissible evidence, and does not otherwise comply with Fed.R.Civ.P. 56(f), the court is not permitted to consider the allegations made in the letter.

have failed to make a sufficient showing on an essential element of their case with respect to which they have the burden of proof. *Id.* at 323, 106 S.Ct. at 2552.

### B

Plaintiffs seek relief in this action pursuant to 42 U.S.C. § 1981 and Title VII. "When 42 U.S.C. § 1981 and Title VII are alleged as parallel bases for relief, the same elements are required for both actions." *Flanagan v. Aaron E. Henry Community Health Serv. Center,* 876 F.2d 1231, 1233–34 (5th Cir.1989). In a discriminatory termination case, to establish a *prima facie* case the plaintiff must show that he belonged to a protected class, was terminated from a position for which he was qualified, and was replaced with someone not in the protected class. *Id.* at 1233. In the case of a reduction in force, the plaintiff need not prove he was replaced. *See Williams v. Williams Elec., Inc.,* 856 F.2d 920, 923 (7th Cir.1988); *cf. Williams v. General Motors Corp.,* 656 F.2d 120, 128 (5th Cir.1981), *cert. denied,* 455 U.S. 943, 102 S.Ct. 1439, 71 L.Ed.2d 655 (1982) (replacement requirement not applicable to age discrimination reduction in force cases).

Once a plaintiff has established a *prima facie* case, the defendant can rebut the presumption of discrimination by articulating a nondiscriminatory reason for termination. *Flanagan,* 876 F.2d at 1233. The plaintiff must then show the defendant's purported reason is either a pretext for discrimination or the employer had mixed motives in its decision. *Waltman v. International Paper Co.,* 875 F.2d 468, 481 (5th Cir.1989).[4]

■ To survive the present motion for summary judgment, plaintiffs must raise a genuine issue of material fact on each issue of their *prima facie* case. *Id.* at 477. The mere presentation of evidence sufficient to create fact questions on the elements of the *prima facie* case is insufficient to avoid summary judgment, however, where the employer articulates a legitimate, non-discriminatory reason for plaintiffs' discharge. *Cf. Bienkowski v. American Airlines, Inc.,* 851 F.2d 1503, 1505 n. 1 (5th Cir.1988) (age discrimination case); *Carter v. City of Miami,* 870 F.2d 578, 585 (11th Cir.1989) (same). In such a case the plaintiffs must present sufficient evidence that race was a determining factor in their discharge to present a question of fact that requires resolution by trial.

### C

■ It is clear that plaintiffs cannot survive summary judgment in this case even if they have established a *prima facie* case.[5] The GISD has articulated legitimate, non-discriminatory reasons for its decision to discharge plaintiffs. According to the affidavits of GISD personnel, GISD was forced to make personnel cuts because of financial problems faced by the school district. It selected employees for dismissal based on their performance evaluations, disciplinary records, and attendance. Four of ten employees chosen for the reduction in force were Anglo and six were African–American. After the layoffs, nine African–American, eight Hispanic, and six Anglo employees remained. GISD has also provided charts which list the employees in the departments subject to lay offs. The charts demonstrate the employees chosen for termination were those with the worst performance evaluations, highest number of reprimands, and worst attendance records. Finally, GISD has introduced evidence that

---

**4.** Plaintiffs do not suggest that this is a mixed motives case. Their only claim is that the legitimate reasons articulated by GISD for plaintiffs' termination were a pretext for discrimination. Thus the court need not consider the application of *Price Waterhouse v. Hopkins,* —— U.S. ——, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).

**5.** There is, of course, no dispute that plaintiffs are members of a protected class. GISD,

moreover, does not appear to put in issue plaintiffs' qualifications for their jobs, except to the extent that plaintiffs received lower performance evaluations than the workers who were retained, were more frequently absent, and more often reprimanded. Because these factors are more appropriately considered in the "pretext" phase of the case, *Bienkowski,* 851 F.2d at 1505–06, the court assumes there is no genuine factual dispute about plaintiffs' qualifications.

the EEOC found no discrimination based on plaintiffs' charges.[6]

The plaintiffs have not responded to the motion for summary judgment. Although their failure to respond does not permit entry of a "default" summary judgment, the court is permitted to accept the movant's evidence as undisputed. *Eversley v. MBank Dallas,* 843 F.2d 172, 174 (5th Cir. 1988). There is simply no basis in the record upon which a reasonable trier of fact could find that plaintiffs were the victims of intentional discrimination. Accordingly, the motion for summary judgment is granted.

### III

Having prevailed on the merits, defendant GISD moves the court to impose sanctions against the plaintiffs and their former counsel.[7]

Defendant predicates its sanction request on five grounds, contending any reasonable investigation would have disclosed that plaintiffs' claims were not supported by law or fact because: (1) the EEOC determined there was no basis for plaintiffs' claims; (2) the EEOC affirmed the decision after review by EEOC headquarters; (3) plaintiffs did not conduct discovery to develop a factual or legal basis for their claims; (4) plaintiffs' counsel filed suit without first conducting an appropriate Rule 11 inquiry and withdrew from representation, forcing GISD to obtain dismissal by motion for summary judgment; and (5) plaintiffs continued to prosecute this suit, in the face of the EEOC's findings, after their counsel's withdrawal, in the absence of direct evidence of discrimination, and after having been expressly advised during two plaintiffs' depositions that they risked imposition of sanctions. GISD avers that this conduct is sanctionable pursuant to 42

U.S.C. § 2000e–5(k), Fed.R.Civ.P. 11, and/or 28 U.S.C. § 1927.

### A

■ Section 706(k) of the Civil Rights Act of 1964, codified as 42 U.S.C. § 2000e–5(k), provides that a district court may allow a prevailing party[8] in a Title VII action a reasonable attorney's fee. A prevailing plaintiff ordinarily should recover a fee unless special circumstances would render an award unjust. *Independent Federation of Flight Attendants v. Zipes,* —— U.S. ——, 109 S.Ct. 2732, 2735, 105 L.Ed.2d 639 (1989) (citing *Newman v. Piggie Park Enter., Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)). This principle does not apply, however, to a prevailing defendant. *Zipes,* 109 S.Ct. at 2735 (citing *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 418, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978)). When a suit is brought in good faith, a successful defendant can be awarded fees "only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Zipes,* 109 S.Ct. at 2735–36 (quoting *Christianburg Garment,* 434 U.S. at 421, 98 S.Ct. at 700). GISD has not attempted to demonstrate that plaintiffs' action was brought in bad faith. Defendant must therefore demonstrate that the suit is frivolous, unreasonable, or without foundation. For reasons that are apparent in the court's discussion below, the court can find none of these possibilities satisfied in the present case and thus denies § 2000e–5(k) relief.

### B

■ Rule 11 requires that the district court impose sanctions against a party and/or his attorney if the lawsuit is not well-grounded in fact or warranted by ex-

---

**6.** The EEOC's finding constitutes non-binding evidence that there was no discrimination. *Dickerson v. Metropolitan Dade County,* 659 F.2d 574, 579 n. 13 (5th Cir. Unit B 1981); *Smith v. Universal Serv. Inc.,* 454 F.2d 154, 157 (5th Cir. 1972). *But see infra* where the court concludes the EEOC's adverse finding is insufficient to subject plaintiffs and their former counsel to sanctions.

**7.** For ease of reference the court discusses defendant's request for sanctions in the context of plaintiffs' Title VII claim. With respect to the application of Rule 11 and 28 U.S.C. § 1927 to plaintiffs' 42 U.S.C. § 1981 claim, the court declines to impose sanctions for the reasons set forth *infra.*

**8.** Other than the EEOC or the United States.

isting law. *Thomas v. Capital Sec. Serv., Inc.*, 836 F.2d 866, 875–76 (5th Cir.1988) (en banc). GISD does not, and indeed could not, contend plaintiffs' action was not warranted by existing law.[9] It is undisputed that, as a matter of law, Title VII offers relief to persons who can prove they have been victims of racial discrimination. Instead, defendant apparently posits that plaintiffs and their former counsel lacked a well-grounded factual predicate for filing and continuing to litigate this action.

### 1

Before turning to the five grounds for GISD's request for sanctions, it is important to consider the context in which the motion is presented. Claims alleging racial discrimination are clearly subject to sanction where they fall below the levels of acceptability prescribed by applicable law. *See, e.g., Jackson v. Color Tile*, 803 F.2d 201, 202 (5th Cir.1986); *Lewis v. Brown & Root, Inc.*, 711 F.2d 1287, 1291–92 (5th Cir.1983), *modified*, 722 F.2d 209, *cert. denied*, 464 U.S. 1069, 104 S.Ct. 975, 79 L.Ed.2d 213 (1984); *Harris v. Plastics Mfg. Co.*, 617 F.2d 438, 440 (5th Cir.1980) (per curiam); *EEOC v. First Ala. Bank*, 595 F.2d 1050, 1056 (5th Cir.1979). It must nevertheless be remembered that statutes aimed at eradicating racial discrimination and providing a private right of action for its victims serve the vital function of ameliorating one of this Nation's most pernicious and intractable problems: making decisions about persons on the basis of their race. The salutary purposes for these laws strongly suggest that disincentives to their invocation should be erected only with care.

This proposition finds greater force in the context of present-day racial discrimination. Unlike the former days of *de jure* suppression and segregation—and in the face of "society's consensus that discrimination based on the color of one's skin is a profound wrong of tragic dimension"[10]—racial prejudice and discrimination have become insidious, manifested, if at all, by subtle slight rather than by conspicuous callousness. As Judge Johnson recently wrote in an analogous context, "[d]efendants are rarely courteous enough to admit in some documented form that an asserted rationale behind a discharge is really a pretext for an illicit motive."[11] Thus before determining that a race discrimination claim is sufficiently baseless, or the prefiling inquiry of counsel or his client so lacking, as to warrant the imposition of sanctions, judges should appropriately account for the nature of the claim.

This is not, of course, to engraft judicially on Rule 11 a higher sanction standard in a discrimination case than is found in the text of the Rule.[12] But nothing in Rule 11 prevents a court *qua* fact-finder from considering the inherent proof difficulties placed upon a discrimination plaintiff, or the prefiling limitations necessarily encountered by his counsel, when evaluating a request for Rule 11 relief.

### 2

■ The court now turns specifically to the question whether plaintiffs' former counsel should be sanctioned. Four of the

---

**9.** GISD's request for Rule 11 relief does allege that "plaintiffs' claims were not supported in law," but it is apparent from the text of defendant's arguments that GISD relies upon an absence of factual support to make plaintiffs' claims sanctionable pursuant to Rule 11. GISD does not dispute that Title VII, as a matter of law, affords relief if a violation is proven by sufficient evidence.

**10.** *Patterson v. McLean Credit Union*, — U.S. ——, 109 S.Ct. 2363, 2379, 105 L.Ed.2d 132 (1989).

**11.** *Burns v. Texas City Refining, Inc.*, 890 F.2d 747, 751 (5th Cir.1989) (age discrimination case); *see also Thornbrough v. Columbus &*

*Greenville R.R. Co.*, 760 F.2d 633, 638 (5th Cir. 1985) (age discrimination case) ("Employers are rarely so cooperative as to include a notation in the personnel file, 'fired due to age,' or to inform a dismissed employee candidly that he is too old for the job").

**12.** Nor does the court suggest that such reasoning, which is particularly compelling in the context of a discrimination case, can necessarily apply with equal force to another type of civil action or that a discrimination plaintiff who cannot establish even a *prima facie* case would be immune from sanctions.

five grounds on which GISD relies appear to be directed at his conduct.

The court rejects the proposition that the EEOC's determinations in this case should have persuaded plaintiffs' counsel not to file suit. The EEOC process is one of investigation, in which the Commission is to endeavor to eliminate any alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. *See* 42 U.S.C. § 2000e–5(b); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970) (purpose of EEOC charge to trigger investigatory and conciliatory procedures of EEOC). The procedure does not purport to be a surrogate for the adversary system. The EEOC's decision is in no sense binding either on a district court, *Smith v. Universal Serv., Inc.*, 454 F.2d 154, 157 (5th Cir.1972), or upon a plaintiff's lawyer who otherwise has an objectively reasonable basis for pursuing an action in court. To establish a rule that would almost automatically subject counsel to the risk of Rule 11 sanctions when he chooses to proceed in the face of an adverse EEOC determination would be draconian indeed. It could chill the exercise of the right to file a Title VII suit in district court, thereby indirectly giving weight to the Commission's decisions that Congress did not intend. *Cf. Chandler v. Roudebush*, 425 U.S. 840, 845, 96 S.Ct. 1949, 1952, 48 L.Ed.2d 416 (1976) (federal employee entitled to trial *de novo* in federal court of Title VII claim); *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 60, 94 S.Ct. 1011, 1025, 39 L.Ed.2d 147 (1974) (private sector employee entitled to trial *de novo* in federal court of Title VII claim).

Nor is the court persuaded that counsel's failure to conduct discovery after filing suit is alone probative of a Rule 11 violation. Assuming this argument is even viable in light of this circuit's "snapshot" rule, *see Thomas*, 836 F.2d at 874, which measures a lawyer's conduct at the time a pleading is signed, GISD points to no specific evidence that plaintiffs would have uncovered during discovery. Presumably defendant contends counsel would have recognized an *absence* of proof to support plaintiffs' claims, but this is not uncommon in a Title VII case. It is not reasonable to conclude that a guilty employer will concede during pretrial discovery that it has violated the law. Those who in fact discriminate do not typically document a violation, *see Burns*, 890 F.2d at 751, and they usually can muster a facially legitimate, non-discriminatory reason for their conduct. Plaintiffs are frequently left to their own evidence to prove circumstantially that they have in fact been victims of discrimination. Hence, absence of discovery, without more, is inadequate to establish a Rule 11 violation.

Finally, the omission of an unspecified "appropriate inquiry as Rule 11 require[s]" prior to filing suit does not warrant the imposition of sanctions. There are generally two principal sources of prefiling information in a discrimination case: the defendant and the plaintiff. As the court notes above, guilty defendants do not typically concede prior to suit that they have violated Title VII. They can be expected to offer a reason sufficient to shift the burden of production back to the alleged victim of discrimination. The court is unprepared to raise the specter of sanctions where a lawyer whose client has a *prima facie* case proceeds to file a Title VII suit in the face of a defendant's protestations of innocence. With respect to the investigation counsel should have made into evidence available from his own clients, in this case counsel's efforts would have revealed facts arguably sufficient to establish a *prima facie* case of discrimination. While plaintiffs ultimately could not survive a summary judgment motion, counsel's conduct does not indicate he acted in an objectively unreasonable manner. *Cf. Bynum v. Michigan State Univ.*, 117 F.R.D. 94, 100–01 (W.D. Mich.1987) (attorney not liable for attorney's fees where plaintiff's documentation made out *prima facie* case of discrimination and attorney attempted to persuade plaintiff to drop case when discovery showed evidence was unfavorable and withdrew when plaintiff refused).

3

■ Neither does the court conclude the plaintiffs themselves should be sanctioned.

For reasons already discussed, the court declines to hold the EEOC's actions dispositive on the Rule 11 question. The court similarly rejects the proposition that the plaintiffs should be sanctioned for not themselves conducting discovery. At the time suit is filed a Title VII plaintiff generally knows little more than that he has been fired, he believes he has been a victim of discrimination, and he generally defers to the advice of his attorney. *Davis v. Braniff Airways, Inc.*, 468 F.Supp. 10, 13 (N.D.Tex.1979) (Porter, J.). This should not be thought unusual given the insidious characteristics of contemporary racism. Plaintiffs' inability to initiate discovery and to conduct pretrial activities in the manner of an attorney should not subject them to sanctions.

The court likewise rejects as a basis for awarding Rule 11 relief plaintiffs' continued prosecution of this case in the absence of direct evidence of discrimination, following their counsel's withdrawal, and after having been advised during depositions that they risked incurring sanctions by pressing their lawsuit. Title VII jurisprudence counts direct evidence of discrimination as one means of proof, but it is not exclusive. A plaintiff can, and often must, prove his case by circumstantial evidence. *See Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 641 (5th Cir. 1985). A plaintiff can likewise prove his case "indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). The absence of direct evidence, without more, does not warrant judicial rebuke.

The withdrawal of plaintiffs' attorney, arising from his concern for violating Rule 11, does not inevitably transfer to the clients the risk of punishment if they continue litigation. Under the facts presented here, Rule 11 relief is not warranted since plaintiffs' allegations were arguably sufficient to establish a *prima facie* case of race discrimination. *Cf. Logan v. St. Luke's–Roosevelt Hosp. Ctr.*, 636 F.Supp.

226, 237 (S.D.N.Y.) (equity favored denial of fee award where plaintiff was *pro se* civil rights plaintiff with *prima facie* claim that ultimately was not supportable on its facts), *aff'd*, 805 F.2d 391 (2d Cir.1986).

Finally, the court finds it of little moment that plaintiffs continued with their suit after being advised during their depositions that they could be sanctioned. The warnings of an advocate for one's adversary need not be given unassailable credence by a litigant, especially one proceeding *pro se*.

### C

GISD also seeks the recovery of sanctions on the basis of 28 U.S.C. § 1927. Section 1927 provides that an attorney who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

The Fifth Circuit has declined to impose § 1927 sanctions in the appellate context where an unmeritorious motion failed to exhibit "the degree of recklessness, bad faith, or improper motive required for a finding that the attorney has multiplied the proceedings 'unreasonably and vexatiously.'" *Manax v. McNamara*, 842 F.2d 808, 814 (5th Cir.1988). Having determined above that the conduct of plaintiffs' counsel should not otherwise subject him to sanctions, the court certainly is unable to conclude that counsel acted recklessly, in bad faith, or with improper motive.

### IV

Defendant's motion for summary judgment is granted and its request for an award of attorney's fees is denied.[13] The court has today filed a judgment in favor of GISD.

SO ORDERED.

---

**13.** The court has accepted the magistrate's recommendation that attorney's fees be awarded against two plaintiffs. *See supra* note 2. That

question is separate from the one now before the court.