PERRY WILLIAMS, INC., Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity, Defendant.

No. 3:98 CV 0590-BC.

United States District Court, N.D. Texas, Dallas Division.

April 19, 1999.

James E. Masek, Law Office of James E. Masek, Arlington, TX, for plaintiff.

Michael R. Swan, Legal Division, Dallas, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

BOYLE, United States Magistrate Judge.

Before the Court is **Defendant Federal Deposit Insurance Corporation's**[1] **Motion for Summary Judgment**, filed October 7, 1998. At issue is whether Defendant FDIC–Corporate made negligent misrepresentations about and breached a

contract pertaining to the sale of nonperforming loans to Plaintiff Perry Williams, Inc. ("PWI"). Having read the pertinent pleadings, the Court **GRANTS** FDIC–Corporate's motion as follows:

## I. Background

This is a suit brought by PWI against FDIC–Corporate, alleging negligent misrepresentation and breach of contract. This case arises out of FDIC–Corporate's alleged sale to PWI of a package of nonperforming loans pursuant to a Loan Sales Agreement (the "Agreement"). In its Complaint,[2] PWI alleges that FDIC–Corporate failed to perform under the terms of the Agreement.[3] **Pl. Compl. at 2.** Specifically, PWI alleges that FDIC–Corporate failed to provide PWI with six of the notes addressed in the Agreement, failed to reimburse PWI for twelve of the notes in accordance with the terms and conditions of the Agreement, and failed to provide accurate information concerning several of the notes listed in the Agreement. **Pl. Compl. at 2–4.**

Defendant FDIC–Corporate has moved for summary judgment contending for three reasons that judgment must be entered in its favor in this case. First, FDIC–Corporate argues that it is not legally responsible for claims arising out of the sale of notes by FDIC receiverships. Second, FDIC–Corporate argues that this Court lacks jurisdiction to hear PWI's claims of negligent misrepresentation as

1. Because Defendant Federal Deposit Insurance Corporation is sued in its Corporate capacity, it is hereinafter referred to as "FDIC–Corporate."

2. As PWI has failed to respond to FDIC–Corporate's Motion For Summary Judgment, the only pleading in the record setting forth PWI's position on the issues in dispute is PWI's Complaint. Accordingly, the Court draws upon this Complaint in fleshing out what issues are in contention. However, the Court does not rely on PWI's Complaint as summary judgment evidence as it is unverified and therefore not within the realm of competent evidence contemplated by Rule 56(e). Fed. R. Civ. P 56(e); *Ford v. Wilson,*

90 F.3d 245, 247 (7th Cir.1996)(**prisoner's verification of complaint converted it from complaint to affidavit suitable for use in supporting or opposing a motion for summary judgment**); *Colon v. Coughlin,* 58 F.3d 865, 872 (2nd Cir.1995)(**a verified complaint is treated as an affidavit for summary judgment purposes**); **5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1339 (2d Ed.1990 & Pamphlet 1999).**

3. The Agreement established the terms and conditions for the sale of a loan package consisting of a total of 45 nonperforming loans. In the instant cause, PWI complains of only twelve of those loans. **Pl. Compl. at 2–4.**

PWI failed to comply with the Federal Tort Claims Act ("FTCA"). Finally, FDIC–Corporate argues that PWI cannot establish that FDIC–Corporate has breached a contract, and accordingly, no genuine issue of material fact exists with respect to this issue and FDIC–Corporate is therefore entitled to judgment as a matter of law. PWI has failed to file a response to FDIC–Corporate's Motion for Summary Judgment.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that, as a matter of law, the movant is entitled to judgment. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Only disputes about those facts will preclude the granting of summary judgment. *Id.* In a motion for summary judgment, the burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir.1990). If the non-movant bears the burden of proof at trial, the movant for summary judgment need not support the motion with evidence negating the opponent's case; rather, the movant may satisfy its burden by showing that there is an absence of evidence to support the non-movant's case. *Id.; Little*, 37 F.3d at 1075.

Once the movant makes this showing, the burden shifts to the non-movant to show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' ... by 'conclusory allegations,' ... by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 871–73, 110 S.Ct. 3177, 3180, 111 L.Ed.2d 695 (1990); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir.1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)). Rather, the non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356 (*quoting* FED. R. CIV. P. 56(e)). In determining whether a genuine issue for trial exists, the court must view all of the evidence in the light most favorable to the non-movant. *Richter v. Merchants Fast Motor Lines, Inc., 83 F.3d 96, 98 (5th Cir.1996)(per curiam); Gremillion v. Gulf Coast Catering Co.*, 904 F.2d 290, 292 (5th Cir.1990) (*citing Bodnar v. Synpol, Inc.*, 843 F.2d 190, 192 (5th Cir.), *cert. denied*, 488 U.S. 908, 109 S.Ct. 260, 102 L.Ed.2d 248 (1988)).

Rule 56(e) permits a proper summary judgment motion to be opposed by the non-movant by many kinds of evidentiary materials listed in the rule. Fed. R.Civ.P. 56(e). If the adverse party does not so respond, the court may grant summary judgment if the movant has made a prima facie showing that it is entitled to such relief. *Eversley v. MBank*, 843 F.2d 172, 174 (5th Cir.1988); Fed.R.Civ.P. 56(e). A court may not grant a default summary judgment simply because the non-movant has failed to respond. *Eversley*, 843 F.2d at 174; *Tutton v. Garland Indep. School Dist.*, 733 F.Supp. 1113, 1117 (N.D.Tex. 1990). The court may, however, accept the movant's evidence as undisputed. *United States v. $252,671.48 in U.S. Currency*, 734 F.Supp. 254, 256 (N.D.Tex. 1990); *Tutton*, 733 F.Supp. at 1117. The court must then determine if the movant has made a prima facie showing of its entitlement to summary judgment based upon the movant's undisputed evidence.

*Vega v. Parsley,* 700 F.Supp. 879, 881 (W.D.Tex.1988).

## III. Analysis

In its Complaint, PWI bases its claims of negligent misrepresentation and breach of contract on the same set of operative facts. Although it is not entirely clear from its complaint, it appears that PWI argues that FDIC–Corporate is liable for negligently misrepresenting "the quality and accuracy of the loans/promissory notes" sold to PWI pursuant to the Agreement, and that this misrepresentation resulted in FDIC–Corporate breaching the Agreement with PWI. *See* **Pl. Compl. at 2–4.** Specifically, PWI alleges that FDIC–Corporate: (1) represented to PWI that FDIC–Corporate "provided or attempted to provide accurate information as to the loans/promissory notes" but failed to do so; (2) delivered to PWI notes different than those actually recorded in the Agreement; and (3) failed to reimburse PWI for the notes. **Pl. Compl. at 4–5.** FDIC–Corporate contends that summary judgment should issue in its favor based on the following three grounds: (1) that with the exception of two of the notes of which Plaintiff complains, FDIC–Corporate is not the seller of the notes and therefore cannot be held legally responsible for any claims arising out of their sale; (2) that PWI's failure to comply with the FTCA deprives this Court of jurisdiction; and (3) that PWI cannot show that FDI–Corporate failed to comply with the terms of the Agreement. As mentioned previously, PWI has failed to respond to FDIC–Corporate's motion for Summary judgment. Because jurisdiction is a threshold issue, it is to this contention that the Court first turns.

## A. Jurisdiction

In its Motion For Summary Judgment, FDIC–Corporate contends that summary judgment should issue in its favor as PWI failed to comply with the FTCA, and accordingly, this Court lacks subject matter jurisdiction to hear the instant claim. Specifically, FDIC–Corporate contends that PWI failed to name the United States as respondent, and failed to exhaust its administrative remedies before bringing suit in district court.

Generally, the United States is immune from suit unless it expressly waives immunity and consents to be sued. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114(1976); *Shanbaum v. United States,* 32 F.3d 180, 181 (5th Cir.1994). The immunity extends to the government's officers and agencies. *Drake v. Panama Canal Comm'n,* 907 F.2d 532, 534 (5th Cir.1990). A federal court, therefore, has no jurisdiction over a suit brought against the United States in the absence of explicit statutory consent to suit. *Smith v. Booth,* 823 F.2d 94, 96–97 (5th Cir.1987)(per curiam). The scope of such consent must be strictly interpreted and a waiver of sovereign immunity granted by Congress must be narrowly construed. *McCarty v. United States,* 929 F.2d 1085, 1087 (5th Cir.1991); *Smith v. Booth,* 823 F.2d at 96; *Alexander v. United States,* 829 F.Supp. 199, 200–01 (N.D.Tex.1993), *rev'd other grounds,* 44 F.3d 328 (5th Cir.1995).

The FTCA is a waiver of sovereign immunity, and it provides the exclusive remedy for tort claims against the United States government. 28 U.S.C. § 2679 (West 1994 & Supp.1998); *Federal Deposit Ins. Corp. v. Cheng,* 787 F.Supp. 625, 631 (N.D.Tex.1991). The FDIC is a federal agency within the coverage of the FTCA. *Id.* Pursuant to the FTCA, PWI's claim must be brought against the United States, because the FDIC cannot be sued in its own name. *Id.* Moreover, pursuant to the FTCA, PWI must exhaust its administrative remedies before asserting its claim in district court. 28 U.S.C. § 2675(a)(West 1994 & Supp.1998); *McNeil v. United States,* 508 U.S. 106,

112–13, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

It is clear that PWI has failed to name the United States as a respondent in the instant suit. The only party of record adverse to PWI is FDIC–Corporate. Accordingly, because the United States is not a party to the present action, this Court lacks jurisdiction, and summary judgment on this issue is therefore proper. 28 U.S.C. § 2679; *Cheng*, 787 F.Supp. at 631. Moreover, the record fails to reflect that PWI filed its claim with FDIC–Corporate prior to bringing suit in district court. Accordingly, even if the United States was a party, summary judgment would still be proper as PWI failed to exhaust its administrative remedies in this case. 28 U.S.C. § 2679; *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21; *Cheng*, 787 F.Supp. at 631. In sum, because the Court finds that PWI failed to comply with the requirements of the FTCA, the Court grants FDIC–Corporate's Motion for Summary Judgment on PWI's claim of negligent misrepresentation. The Court now turns to examine PWI's breach of contract claim.

**B. Breach of Contract**

In its Complaint, PWI alleges that FDIC–Corporate breached the Agreement by: (1) representing to PWI that FDIC–Corporate "provided or attempted to provide accurate information as to the loans/promissory notes" but that FDIC–Corporate actually failed to do so; (2) delivering to PWI different notes than those actually recorded in the Agreement; and (3) failing to reimburse PWI for several notes. **Pl. Compl.** at 4–5. FDIC–Corporate moves for summary judgment on PWI's claims, arguing that: (1) with the exception of two notes, FDIC–Corporate is not the seller, and is therefore not legally responsible for any claims arising out of the notes' sale; and (2) that as a matter of law, PWI cannot show that FDIC–Corporate failed to comply with the terms and conditions of the Agreement.

*FDIC–Corporate's Status as Seller*

In its Motion for Summary Judgment, Defendant FDIC–Corporate contends that it sold only two of the notes of which PWI complains, the remaining notes, FDIC–Corporate argues, were sold by FDIC in its capacity as a receiver for various banks. FDIC–Corporate contends that as a matter of law, it is not legally responsible for claims arising out of the sale of notes by FDIC receiverships. Rather, FDIC–Corporate argues, it is liable, if at all, only for the two notes it sold in its Corporate capacity.

■ The FDIC functions in two distinct capacities, as a regulator and corporate insurer of depository institutions and as an appointed receiver of failed depository institutions. 12 U.S.C. §§ 1819, 1821(c) (West 1989 & Pamphlet 1999). In its corporate capacity, the FDIC functions as a separate entity from its receivership capacity, and if the FDIC is named as a party in an erroneous capacity, then never the twain capacities shall meet. *See Bullion Servs. v. Valley State Bank*, 50 F.3d 705(9th Cir.1995)**(naming FDIC Receiver as respondent does not simultaneously create respondent status for FDIC Corporate, rather, FDIC Corporate must be specifically named and made a party)**; *Federal Deposit Ins. Corp. v. Condit*, 861 F.2d 853(5th Cir.1988)**(after granting FDIC Corporate's motion to substitute FDIC Corporate for FDIC Receiver as the sole adverse party in the action, court's refusal to later allow plaintiff to amend and add FDIC Receiver resulted in plaintiff's inability to maintain a suit against FDIC as Receiver)**; *Trigo v. FDIC*, 847 F.2d 1499 (11th Cir.1988)**(holding that "federal law protects the FDIC in its corporate capacity from liability under contracts purchased from the FDIC as receiver")**.

In support of its contention that it is only liable on two of the notes of which PWI complains, FDIC–Corporate offers as summary judgment evidence the Agree-

ment. **Def. Mot. For Summ. J, Ex. A.** The Agreement commences with the FDIC establishing the capacity in which it acted as a seller, by identifying itself as: "FEDERAL DEPOSIT INSURANCE CORPORATION, SOLELY IN ITS CAPACITY AS PROVIDED HEREIN." **Def. Mot. For Summ. J, Ex. A at 7.** It concludes with an agent signing for the FDIC "in its Corporate and/or Receivership Capacity." **Id. at 25.** Attached to the Agreement is a list of the notes purchased in the transaction memorialized by the Agreement. Each note is identified by, among other things, a four-digit bank code and the debtor's name. *See* **Def. Mot. For Summ. J, Ex. A, at 27–28.** In support of its claim, FDIC–Corporate offers the affidavit of Jeff Conwell ("Conwell"), the agent who signed the Agreement, as summary judgment evidence. **Def. Mot. For Summ. J, Conwell Affidavit.** In his affidavit, Conwell testifies that only two notes listed in the Agreement were sold by FDIC–Corporate. **Def. Mot. For Summ. J, Conwell Affidavit at 4.** These two notes correspond with the debtor listed as Fred Brooks. **Id.** Conwell further testified that each note in the Agreement is identified by a *four digit FDIC bank number.* **Def. Mot. for Summ. J, Conwell Affidavit at 4.** He explained that with the exception of the two Fred Brooks notes, the FDIC bank numbers corresponding to the notes listed by PWI in its Complaint indicate that various FDIC receiverships were the note sellers, not FDIC–Corporate. **Def.**

**Mot. For Summ. J, Conwell Affidavit at 4–5.**

As mentioned previously, if the adverse party does not respond to a motion for summary judgment, the court may grant summary judgment if the movant has made a prima facie showing that it is entitled to such relief. *Eversley v. MBank,* 843 F.2d 172, 174 (5th Cir.1988); Fed.R.Civ.P. 56(e). The court may also accept the movant's evidence as undisputed. *United States v. $252,671.48 in U.S. Currency,* 734 F.Supp. 254, 256 (N.D.Tex. 1990); *Tutton,* 733 F.Supp. at 1117.

■ Based on PWI's failure to respond to FDIC–Corporate's motion for summary judgment, this Court accepts as undisputed FDIC–Corporate's summary judgment evidence that it was the seller of the two Fred Brooks notes, but that various FDIC receivers sold the remaining notes of which PWI complains. This evidence constitutes a prima facie showing that with the exception of the two Fred Brooks notes, FDIC–Corporate is not legally responsible for the remaining notes at issue.[4] Accordingly, summary judgment as to FDIC–Corporate's liability is proper with respect to the remaining ten notes listed in Plaintiff's Complaint. As a result, FDIC–Corporate remains liable, if at all, on only the two Fred Brooks notes. And, because the Court has granted summary judgment in FDIC–Corporate's favor on PWI's negligent misrepresentation claim, such liability, if any, can only stem from PWI's breach of contract claim.

4. The Court notes that a discrepancy exists between the two parties as to the number of notes in dispute. In its Complaint, PWI contends that twelve notes are in dispute **(Pl. Compl. at 2–4)**, while in its Motion For Summary Judgment, FDIC–Corporate contends that only eleven notes are in dispute. **Def. Mot. For Summ. J at 1.** In its motion, FDIC–Corporate omits a note found in PWI's complaint that has a bank code corresponding to "5920," the code Conwell contends in his affidavit corresponds with Commerce Bank, Plano, Texas, an FDIC receivership. **Pl. Compl. at 4; Def. Mot. For Summ. J, Conwell Affidavit at 4.** As noted previously, when a party fails to respond to a motion for summary judgment, the court may accept the movant's evidence as undisputed. *United States v. $252,671.48 in U.S. Currency,* 734 F.Supp. 254, 256 (N.D.Tex.1990); *Tutton,* 733 F.Supp. at 1117. Based on PWI's failure to respond to FDIC–Corporate's claim that certain bank codes correspond to certain receiverships, this Court accepts as undisputed FDIC–Corporate's summary judgment evidence that code "5920" corresponds with a FDIC receiver, and accordingly, finds that the omitted note was not issued by FDIC–Corporate.

■ Under Texas law, the essential elements in a breach of contract claim are: (1) that a valid contract existed; (2) that the plaintiff performed; (3) that the defendant breached; and (4) that the plaintiff suffered damages as a result. *Scott v. Sebree,* No. 03–98–00001–CV, 1999 WL 61428 (Tex.App.Austin Feb. 11, 1999, **no pet. h.**). In its Motion For Summary Judgment, FDIC–Corporate argues that as a matter of law, PWI cannot establish the third element, namely, that FDIC–Corporate breached the terms of the Agreement.

In its Complaint, PWI alleges three bases for its breach of contract claim. PWI first contends that the two Fred Brooks notes FDIC–Corporate delivered to PWI are different than those actually recorded in the Agreement.[5] **Pl. Compl. at 2.** It is unclear from PWI's Complaint exactly what facts it bases this argument upon. However, in its Motion For Summary Judgment, FDIC–Corporate offers as summary judgment evidence a letter from Union Square Property Group ("USPG"), in which USPG demands reimbursement for the two Fred Brooks loans received by PWI after the sale, claiming they did not receive the same notes as those listed in the Agreement. **Def. Mot. For Summ. J, Ex. C.** USPG bases this argument on the fact that the Fred Brooks notes listed in the Agreement were dated January 19, 1989, and had a maturity date of February 19, 1989, but the notes delivered to PWI after the sale were dated in 1987 and had maturity dates in 1988. **Def. Mot. For Summ. J, Ex. C.** In its Motion For Summary Judgment, FDIC–Corporate claims that it is entitled to judgment as a matter of law on this issue because it delivered to PWI the same notes that were listed in the Agreement. In support of this contention, FDIC–Corporate offers as summary judgment evidence a letter from Debbie Barr ("Barr"), a Credit Specialist for FDIC.

**Def. Mot. For Summ. J, Ex. D.** In the letter, Barr explains that the two notes PWI received are the same notes listed in the Agreement, and that the discrepancies in dates resulted from a special booking procedure used by the FDIC at the bank's closing. **Def. Mot. For Summ. J, Ex. D.** Based on PWI's failure to respond to FDIC–Corporate's motion for summary judgment, this Court accepts as undisputed FDIC–Corporate's evidence that the Fred Brooks notes PWI received are the same as the notes listed in the Agreement, and that the variance in dates is due to book-keeping procedures used by the FDIC. Accordingly, no genuine issue of material facts exists with respect tot he issue of whether FDIC–Corporate delivered the notes listed in the Agreement to PWI, and thus, summary judgment on this basis is proper.

In its second argument in support of its claim that FDIC–Corporate breached the Agreement, PWI refers to language in the Agreement that "FDIC represented and warranted that it had attempted to provide accurate information." **Pl. Compl. at 4.** PWI claims that despite this warranty, FDIC–Corporate failed to provide accurate information about eight of the notes in the Agreement. **Pl. Compl. at 4.** PWI argues that had it known that these eight notes were the focus of a criminal investigation, PWI would not have entered into the Agreement. **Id.** FDIC–Corporate moves for summary judgment, and offers the Agreement as summary judgment evidence.

■ This claim is easily resolved by an examination of the Agreement. Under the heading of "Seller's Warranties, Representations, and Recourse," the Agreement states, in pertinent part: "Seller has attempted to provide accurate information to all prospective Bidders. However, Seller does not represent, warrant, or insure the

---

5.  In its complaint, PWI actually contends that it did not receive six of the notes it purchased under the Agreement. **Pl. Compl. at 2.** However, this Court has determined that FDIC– Corporate only sold PWI the two Fred Brooks notes, and therefore FDIC–Corporate's liability will stem, if at all, only from a breach concerning these two notes.

accuracy or completeness of any information or sources of information...." **Def. Mot. For Summ. J, Ex. A at 18, paragraph 15.** This language clearly relieves FDIC–Corporate of any duty to warranty or guarantee accurate information concerning the notes in the Agreement. Accordingly, no genuine issue of material fact exists that establishes FDIC–Corporate breached a duty to PWI. Accordingly, summary judgment on this basis is proper.

In its third and final argument in support of its breach of contract claim, PWI asserts that FDIC–Corporate breached the Agreement by failing to reimburse PWI the purchase price of the two Fred Brooks loans.[6] **Pl. Compl. at 2.** FDIC–Corporate moves for summary judgment on this claim, arguing that under the terms of the Agreement, FDIC–Corporate is required to repurchase notes only under very limited circumstances, and that the Fred Brooks notes do not qualify for repurchase under the Agreement's terms. As summary judgment evidence, FDIC–Corporate offers Conwell's affidavit, wherein he testifies that no evidence exists that the two Fred Brooks notes fall under any of the provisions for repurchase provided by Section 16.[7] **Def. Mot. For Summ. J, Conwell Affidavit at 6.**

As mentioned previously, if the adverse party does not respond to a motion for summary judgment, the court may grant summary judgment if the movant has made a prima facie showing that it is entitled to such relief. *Eversley v.*

*MBank,* 843 F.2d 172, 174 (5th Cir.1988); Fed.R.Civ.P. 56(e). The court may also accept the movant's evidence as undisputed. *United States v. $252,671.48 in U.S. Currency,* 734 F.Supp. 254, 256 (N.D.Tex. 1990); *Tutton,* 733 F.Supp. at 1117.

Based on PWI's failure to respond to FDIC–Corporate's motion for summary judgment, this Court accepts as undisputed FDIC–Corporate's assertion that no evidence exists establishing that the Fred Brooks notes fall under one of Section 16's provisions establishing conditions of repurchase. This evidence constitutes a prima facie showing that no genuine issue of material facts exists establishing that FDIC–Corporate had a duty to repurchase the two Fred Brooks notes and breached that duty. Accordingly, summary judgment on this issue is proper, and this Court therefore grants FDIC–Corporate's Motion for Summary Judgment on the claim of breach of contract in its entirety.

## IV. Conclusion

Accordingly, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment be **GRANTED.**

**SO ORDERED.**

---

6. In its complaint, PWI actually contends that it should be reimbursed for twelve of the notes it purchased under the Agreement. **Pl. Coml. at. 2–4.** However, this Court has determined that FDIC–Corporate only sold the two Fred Brooks notes, and therefore FDIC–Corporate's liability will stem, if at all, only from a breach concerning these two notes.

7. Section 16 provides that FDIC may be required to repurchase notes under the following limited circumstances:
  (a) The debtor has been discharged in a no asset bankruptcy proceeding and no collateral exists out of which the debt may be satisfied, and all guarantors or sureties of the Note, if any, or the obligations contained therein, have similarly been discharged in no asset bankruptcies;
  (b) A court of competent jurisdiction had entered a final judgment holding that neither the debtor nor any guarantors or sureties owes an enforceable obligation to pay the holder of the Note or its assignee(s); or
  (c) The Former Bank, or the Seller, had executed and delivered to the debtor a release of liability from all obligations under the Note.
**Def. Mot. For Summ. J, Ex. A. at 19, paragraph 16.**